**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

FILED BY_____ D.C.

JUL 18 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

DR. REHAB AUF,

                Plaintiff,    v.

HOWARD UNIVERSITY, et al

                Defendants.

Case No. 1:19-cv-22065-RS

---

**PLAINTIFF'S MOTION TO STAY ALL PROCEEDING PENDING RESOLUTION OF EEOC COMPLAINT AND VACATING COURT ORDERS in DE 33 & 34**
**(Notice on matter related to: DE 26, DE 28, DE 29, DE 33, DE 34)**

Plaintiff, Dr. Rehab Auf, hereby respectfully requests from Court to stay all proceeding in the case pending the resolution of the plaintiff's US Equal Employment Opportunity Commission (**EEOC**) Mediation/Charge against Howard University, to vacate court orders in DE 33 & 34, and states the following:

Before going into the details of this Motion, Plaintiff respectfully requests that the honorable judge does not move to decide this motion immediately. Plaintiff mentioned she has preset engagement up to July 29, 2019. She lost one week in preparing this submission, therefore she sought extension for those matters up August 4th, 2019. This previous engagement was set a year ahead, hence Court is pushing plaintiff into hardship by setting deadlines during this period.  Therefore, **plaintiff requests to continue this motion for the normal three weeks period after August 4, 2019** to allow opportunity for plaintiff to submit an amended version of this motion that is better articulated. Plaintiff was pushed into hardship to make this submission in one-week notice, therefore respectfully requests a relief to continue this motion to allow time to input grounds in more organized manner in adequate time. Plaintiff's pacer's account is currently disabled (see exhibit 5). Plaintiff tried to activate it until the day of submission at no avail. Therefore, plaintiff was able to see that Court granted Defendant motion to stay discovery but remains unable to see what the order says exactly. Plaintiff contacted Court and requested a copy by email, Court clerk mentioned they cannot send Court orders by email. Therefore, continuing this motion will allow plaintiff to read the

1

Court order in 34 and bring more grounds to vacating it, in addition to other grounds as detailed in this submission.

Plaintiff respectfully requests from Court to send a notice on the intention to issue an order on the motion before an order is entered to ensure plaintiff has no more information to add after the requested extension to consider this motion. Plaintiff was mandated to submit a response by July 18, 2019, which was not a feasible deadline to address this respected court in the matter. Also, plaintiff had no time to adequately address the request to reconsider and vacate the recent Court orders in DE 33 & 34, but it was mandatory to seek vacating those orders in the context of stay. Therefore, the grounds mentioned to vacate those orders is incomplete and not perfectly arranged.

The new developments and plaintiff entire requests had to be raised in the same time to enlighten this respected Court on new developments and the overall situation of the proceeding and the balance in moving either directions. However, the set date was extremely inadequate time to formulate this motion, which severely prejudice plaintiff's rights in seeking the requested relief. Therefore, the requested opportunity to continue this motion ought to be granted before ruling on this motion. No harm will be faced to allow just opportunity for this motion to be formulated and heard.

## **BACKGROUND**

Plaintiff's motion for referral of attorney was granted by Judge Beth Bloom, but no attorney was referred to represent her. Plaintiff all submissions and opposition were rejected by Court orders, proving Plaintiff misses legal arguments to convince the Court by her case due to her lack of legal knowledge. Albeit plaintiff requests have merits, she failed to convey to Court by the right legal language to be granted the sought relief. Therefore, plaintiff is unable to make further submissions in this case, while being not represented by a counsel because this will severely prejudice her legal rights.

## RECENT DEVEOPMENT IN THE EEOC COMPLAINT

Plaintiff filed a charge of discrimination and retaliation with the US EEOC (Exhibit 1). After initial review, plaintiff was recently notified that her case is eligible for mediation through the EEOC online portal (Exhibit 2). EEOC charges are referred to mediation when they first have undergone initial review to determine a prima facia case exists that would warrant mediation or further investigations. **Plaintiff accepted the EEOC offer for mediation**.

The EEOC offered mediation will provide free platform to resolve the entirety of this complaint, not just those filed with the EEOC.

The invitation for mediation (Exhibit 2) described the mediation procedure as:

> *"**It provides a GLOBAL resolution to the charge** – Mediation allows you to address all of your employment concerns, not just those discussed in the charge. It is an open forum that allows the parties to discuss any additional issues that the parties with to resolve."*

Therefore, the EEOC mediation might resolve the counts raised in Court, besides the EEOC filed charges. Hence, successful mediation has the potential to dispose this entire action. If not, plaintiff will have the right to bring the EEOC Counts to Court against Howard University. Therefore, this court proceeding ought to be stayed pending the resolution of the EEOC mediation procedure.

## LEGAL STANDARDS

The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing

3

interests and maintain an even balance." Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936). "the

district court has broad discretion to decide whether a stay is appropriate to promote economy of time

and effort for itself, for counsel, and for litigants." Association of Irritated Residents v. Fred Schakel

Dairy, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008).

See Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist., 559 F.3d 1191, 1198 (11th Cir.

2009) ("[T]he reason for the district court's stay was at least a good one, if not an excellent one: to

await a federal appellate decision that is likely to have a substantial or controlling effect on the claims

and issues in the stayed case.").

Various factors were described that should be considered when evaluating a motion to stay:

Where it is proposed that a pending proceeding be stayed, the competing interests which will be

affected by the granting or refusal to grant a stay must be weighed. Among these competing interests

are the possible damage which may result from the granting of a stay, the hardship or inequity which

a party may suffer in being required to go forward, and the orderly course of justice measured in

terms of the simplifying or complicating of issues, proof, and questions of law which could be

expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

As to the last factor, **courts frequently grant stays when resolution of another action may "bear**

**upon the case," because a stay is most "efficient for [the court's] own docket and the fairest**

**course for the parties**[.]" *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir.

1979).

## ARGUMENT

Consideration of these factors warrants a stay of the district court proceedings in this case

pending resolution of the *Complaint at the US Equal Employment Opportunity Commission (EEOC)*.

## I. A STAY WOULD PROMOTE JUDICIAL ECONOMY BECAUSE RESOLVING THE EEOC COMPLAINT WILL RESOLVE MOST OR ALL ISSUES IN THE CURRENT COMPLAINT.

More importantly, "**the district court has broad discretion to decide whether a stay is appropriate to promote economy of time and effort for itself, for counsel, and for litigants**." *Association of Irritated Residents v. Fred Schakel Dairy, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008).*

See Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist., 559 F.3d 1191, 1198 (11th Cir. 2009) ("**[T]he reason for the district court's stay was at least a good one, if not an excellent one: to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case**.").

As to the last factor, **courts frequently grant stays when resolution of another action may "bear upon the case," because a stay is most "efficient for [the court's] own docket and the fairest course for the parties[**.]" *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

Plaintiff respectfully submits that the outcome of the EEOC mediation opportunity and/or possible investigations is a compelling cause to stay this current case as supported by the cited cases, because the outcome of the EEOC mediation and/or investigations would have a substantial effect on the entirety of this complaint that can be resolved during the mediation process and if not, then the landscape of Complaint Counts and facts will change dramatically to include the charges filed with the EEOC. The interest in judiciary economy will favor staying this proceeding since the outcome from the EEOC Mediation and/or proceeding will directly impact on this case and plaintiff has legitimate right to bring them to court if remained unresolved.

When Plaintiff filed this Court Action she had no knowledge whether the EEOC would offer mediation to the complaint or accept to investigate the complaint. Those decisions come after charge review by the EEOC to establish a prima facia case exists. Plaintiff had to file this

Court action in time to preserve her legal rights to claim back pay of the previous year due to breach of contract. Therefore, plaintiff acted in good faith given the knowledge she had at its time.

 EEOC charge is based on Title VII of the Civil Rights Act of 1964, which prohibits discrimination in employment on the basis of race, color, religion, sex, or national origin.42 U. S. C. §2000e–2(a)(1). The Act instructs a complainant, before commencing a Title VII action in court, to file a charge with the Equal Employment Opportunity Commission (EEOC or Commission).§2000e–5(e)(1), (f)(1). On receipt of a charge, the EEOC is to notify the employer and investigate the allegations. §2000e–5(b). The Commission may "endeavor to eliminate [the] alleged unlawful employment practice by informal methods of . . . conciliation." *Ibid.* The EEOC also has first option to "bring a civil action" against the employer in court. §2000e–5(f)(1). But the Commission has no authority itself to adjudicate discrimination complaints. If the EEOC chooses not to sue, and whether or not the EEOC otherwise acts on the charge, **a complainant is entitled to a "right-to-sue" notice 180 days after the charge is filed**. *Ibid.*; 29 CFR §1601.28. **On receipt of the right-to-sue notice, the complainant may commence a civil action against her employer. §2000e–5(f)(1).**

Since the EEOC now offers parties free and independent mediation it is optimum for both parties and Court to remit the matter for the EEOC mediation. In the unfortunate case the mediation would be unsuccessful, the plaintiff would have the right to raise those counts in Court after 180 days from filing the charge. The EEOC provides initial estimation that the mediation might take around 90 days. The end of this time would be close to end of the 180 days since filing the complaint which would be in November. Therefore, the complaint would be either resolved, or plaintiff would seek the letter to sue from EEOC to bring all complaint counts to this respected court which would make substantial change in the complaint.

6

The EEOC charges arise from the same transaction of the current complaint, therefore **there is a good reason to stay the current proceeding to allow just opportunity to resolve the case in extra-judicial procedure** or allow just opportunity for plaintiff to bring the entire case with EEOC counts included to Court, which would result in judiciary economy and efficiency to consider matters, save cost to both parties.

The requested stay would be brief. The EEOC complaint was filed on May 2, 2019. Therefore, if the mediation would be unsuccessful to resolve the case, by November the 180 days would be elapsed, and plaintiff would have the right to seek the letter to sue and bring those Counts to Court. However, plaintiff intends to engage in mediation with good faith to resolve matters. The case is still in its early stage and it is not scheduled yet. Therefore, this stay will improve the efficiency and economy of the legal proceeding and outcome to consider the entire complaint Counts and facts at once.

The EEOC Mediation is a compelling good cause for stay equal to the common stay granted in cases of appeal (see below), because the outcome of the EEOC Medication/Charge will directly impact and change this action Complaints.

> *District courts routinely stay proceedings where resolution of an appeal in another matter may provide guidance to the district court in deciding issues before it. See Landis, 299 U.S. at 254; see, e.g., Fed. Home Loan Mortg. Corp. v. Kama, 2016 WL 922780, at \*8-\*9 (D. Haw. Mar. 9, 2016)*
>
> *This approach not only "preserve[s] resources for both the parties and the Court," id., but also "reduce[s] the risk of inconsistent rulings that the appellate court[] might then need to disentangle," Washington, 2017 WL 1050354, at \*5. "Considerable . . . resources may be wasted if the appellate court's controlling decision changes the*

*applicable law or the relevant landscape of facts that need to be developed" in the case before the district court. Id.*

## II. ABSENT A STAY, PLIANTIFF WILL SUFFER MANIFEST INJUSTICE.

Upon filing the complaint, plaintiff submitted a request for referral of volunteer attorneys which was granted by Judge Beth Bloom. Plaintiff expected a soon referral for an attorney. Therefore, despite plaintiff continues to appear as pro se, she asserted her rights to be represented by a counsel from day one in Court.

The right to a fair trial has been defined in the international human rights instruments and **American Convention on Human Rights**. The aim of the right is to ensure the proper administration of justice. As a minimum the right to fair trial includes the following fair trial rights in civil and criminal proceedings:

- the right to be heard by a competent, independent and impartial tribunal
- the right to a public hearing
- the right to be heard within a reasonable time
- the right to counsel
- the right to interpretation

 Inter-American Court of Human Rights have clarified that the right to a fair trial applies to all types of judicial proceedings, whether civil or criminal. (Doebbler, Curtis (2006). *Introduction to International Human Rights Law*. CD Publishing. p. 108. ISBN 978-0-9743570-2-7).

Plaintiff herby invokes her right to stay all proceeding until the resolution of the EEOC complaint so that might resolve this Court Complaint or alternatively return to Court represented by Counsel pursuant to the legitimate rights in fair trial.

The instruments of human rights did not create new rights, but rather it merely recognized rights that are already available on common law grounds to ensure such rights will be preserved and protected.

Plaintiff is unable to respond to the several pending legal matters due to her lack of legal knowledge. Therefore, ordering the plaintiff to respond to any matter without legal representation will cause manifest injustice because her legal rights might be affected in those submissions that might be reflected on her ability to seek relief in this complaint including the pending counts that are filled with the EEOC and cannot be brought to Court before the 180 days of filing.

The most recent Court orders almost denied plaintiff all requests, this proves that the plaintiff is unable to articulate the matter is the right legal argument to convince this court of her position. Since there is a good reason to stay proceeding, then otherwise decision will cause manifest injustice on plaintiff.

Plaintiff attempts to engage in good faith attempt to resolve the entirety of the complaint at the EEOC mediation and otherwise would retain an attorney to represent her legal rights.

Plaintiff's ability to search for attorney is humbled by finding an attorney who would offer reasonable legal fees and has interest in this case. Therefore, staying this case would allow additional opportunity for plaintiff to assert her legal rights with appropriate legal representation.

There is a pending Motion to dismiss. Although plaintiff believes she is rightly brining this complaint with appropriate pleadings against Defendants on whom this Court has personal jurisdiction, there is a chance Plaintiff will fail to articulate her legal arguments to this respected Court in the appropriate legal language for the Court to understand and apply. Such potential outcome confirms the sever prejudice the plaintiff might suffer, given such possibility will not be based on the merits, but rather procedural matters. Therefore, plaintiff is unable to act in this case in further matters without legal representation. Hence, the court is respectfully requested to allow opportunity to stay the current proceeding pending the resolution of the EEOC complaint; and if not, the plaintiff will retain an attorney to represent her legal interests.

Notably, the current court proceedings have been imposing great deal of stress that impacted on plaintiff's ability to practice her normal life. Plaintiff is unable to cope with this stress; therefore, it can lead to negative medical outcomes. There would be sever injustice to force plaintiff to go through those proceedings unrepresented, while she is unable to tolerate the associated stress. Therefore, besides the need to retain attorney for appropriate legal representations, plaintiff needs an attorney to save herself the unbearable stress she is suffering.

### III. ABSENT A STAY, ONGOING COURT PROCEEDING WILL IMPOSE UNNCESSARY BURDEN ON DEFENDANTS, PLAINTIFF AND THE COURT.

There is a number of pending motions currently in Court including a Motion to dismiss. As stated above proceeding with those matters will cause manifest injustice to plaintiff, but also this will add burden on Court, Defendants, and plaintiff to proceed in those legal proceeding, while there is an extra-judicial opportunity to resolve matters that is entirely free by the independent EEOC. In Court Order 34, the court granted staying the discovery for defendants. The reason Defendant requested this stay was the cost associated with litigation. Therefore, this last Court Order is binding for this respected court to offer a complete stay in the proceedings to save Defendant, plaintiff, and Court the burden of the pending matters, given matters from the same transaction within the EEOC jurisdiction can dispose this entire action by resolving the matter or brings more facts and counts after 180 days of filing the charge with the EEOC.

As to the last factor, **courts frequently grant stays when resolution of another action may "bear upon the case," because a stay is most "efficient for [the court's] own docket and the fairest course for the parties[.]"** *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

Defendant raises wrong assumptions on the role of the General Counsel regarding Howard University and its employee. Plaintiff is contended that the General Counsel represents Howard University and its employee in matters connected to their employment capacity. However, since Defendant disputes

this fact, this would require discovery to prove Defendant allegations are untrue. The specifications of this discovery is not yet known to plaintiff to formulate. This is jurisdictional discovery since it is connected with effective service and personal jurisdiction. Therefore, it has to be requested before responding to the Motion to dismiss. However, staying proceeding can save court and parties this process in case the EEOC Mediation is successful.

## Iv. DEFENDANTS WILL NOT BE HARMED BY A BRIEF STAY.

The only person who can be harmed from delay is the plaintiff who filed this motion. However, the opportunity to resolve the matter through the EEOC mediation is compelling reason for plaintiff to engage with good faith to resolve this complaint in a very economic manner for parties and would be faster than court proceedings, if successful.

Defendants will face no harm even minimal by staying those proceeding. The case is not yet scheduled; therefore, no case deadline will be affected. If the counts against Howard University at the EEOC remains unresolved, plaintiff will have legitimate right to bring them to Court. Therefore, this stay will not prejudice the Defendant as the Counts eventually will have to be brought in Court.

In the occasion Defendants refuse to engage with good faith in the EEOC mediation program to resolve matters, plaintiff would seek from them the full cost of legal representation independent from the outcome because of their failure to engage in good faith attempt in a reasonable extrajudicial proceedings to resolve all matters.

## PROTECTIVE ORDER FOR DISCOVERY

Given the Court did not order the production of the sought records and defendant is now aware of the counts against them, plaintiff respectfully request a protective order that Howard University does not damage, destroy, or otherwise get rid of the sought records until the court visits this issue in due time. Given this complaint. Howard University might attempt to destroy those records to prejudice plaintiff rights to seek relief in the future.

## VACATING COURT ORDERS IN DE 33 & 34

Plaintiff, Dr. Rehab Auf, hereby respectfully requests from Court to vacate the order (DE 33) to respond to Motion to Vacate Entry of Default (DE 26) and Motion to Dismiss (DE 28) and Order (DE 34) to stay discovery and states the following:

1.   Plaintiff submitted a motion to extend time to respond (DE 31). The Court issued an order in the Motion the following day without waiting for the regular three weeks period to reply and submit a sur-reply. The court did not send a notice that the Court will proceed immediately in the matter for Plaintiff to provide further clarifications and/or concerns regarding the timing of the order, given other pending matters.

2.   Plaintiff submitted a response (DE 32) to Defendant's Motion to stay discovery (DE 29) and specifically requested from Court not to move in deciding the Motion and send a note of any matter in dispute that would prevent the court from ordering Defendants to respond to her discovery request.

3.   According to local rules and FRCP, disposing motion takes 3 weeks. Therefore, Plaintiff believed the Motion will take the regular three weeks to be decided, which would allow further input and knowledge of the outcome from the motion to compel discovery to inform the motion to extend, since Defendants motion to stay discovery was filed well ahead of this motion, and to provide clarifications on the raised issues by replies. However, the Court moved to decide plaintiff's motion to extend (DE 31) in the second day of filing and granted the Motion to stay discovery without sending the requested notice the plaintiff explicitly requested, which did not allow opportunity to clarify the matter or raise arguments related to the outcome of those motions.

4.   Therefore, pursuant to FRCP 27(b), plaintiff is requesting reconsiderations of both orders (DE 33 & 34) in this Motion to seek a relief from the Court rapidly deciding the motion without allowing opportunity for exchanging responses on the ground that Plaintiff now requests to stay all proceeding, the strict and tight deadlines the Court ordered would cause sever prejudice for the

plaintiff to adequately investigate and respond to those matters represented by Counsel (as she invokes this right), the case is not yet scheduled, the case and its management ought to be left open until the complaint is either resolved at the EEOC or complete by the EEOC Counts; therefore those orders will cause manifest injustice for plaintiff to be able to pursue her complaint with all included counts represented by a Counsel, if the case is not resolved in its entirety at the EEOC in addition to the later detailed grounds.

5.   Additionally, the order to grant stating the discovery will prejudice plaintiff's ability to seek jurisdictional discovery to respond to the Motion to dismiss, while defendants dispute all facts.

6.   This motion is submitted timely within 10 days after the Court Order in DE 33 & 34 seeking to vacate the set times to respond to the two pending defendant's Motions in DE 26 and DE 28 pursuant to Rule 59(e).1 See Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 353 (5th Cir. 1993) (citing Lavespere v. Niagara Mach. & Tool Works Inc., 910 F.2d 167, 173 (5th Cir. 1990), and Harcon Barge Co. v. D&G Boat Rentals, 784 F.2d 665, 669-70 (5th Cir. 1986) (en banc)).

7.   Additional to FRCP 27(b) to ground this motion, a Rule 59(e) motion may be granted if the moving party demonstrates any of the following: (1) the judgment was based upon a manifest error of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) there is an intervening change in controlling law. See 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995).

8.   Also, a motion for reconsideration is appropriate where the "court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension" Z.K. Marine, Inc., 808 F. Supp. at 1563.

9.   Plaintiff respectfully submits, additional to FRCP 27(b), it would be appropriate to reconsider this respected Court Order in DE 33 on the following grounds: (I) To prevent manifest injustice: (II)

newly discovered or previously unavailable evidence; and (III) Court misunderstood Plaintiff submissions.

**I.       This Court ought to reconsider the order in DE 33 to prevent manifest injustice:**

**10.** Plaintiff is moving the court to stay all proceeding pending the resolution of mediation and/or other EEOC procedures that can resolve the current complaint in its entirety. Therefore, all orders that might impact on dispositive actions on this case ought to be vacated until such time the entire complaint with its facts and counts are presented to Court by a counsel.

**11.** The plaintiff is unable to handle this case with its involved complex law and procedure. Therefore, Plaintiff would request vacating those order to keep the case open until such time the EEOC procedure is completed and if the case is not resolved, plaintiff would then search and retain an attorney. Setting any deadline for plaintiff at the moment would severely prejudice her legal right, given she is not legally qualified, she is applying to stay all proceeding, and she invoked her human rights to be presented by a counsel.

**12.** Plaintiff was hoping an attorney from the attorney volunteer program might take her case after her motion was granted by Judge Beth Bloom. However, the proceedings are escalating and Plaintiff is unable to carry this matter on her own further, given her lack of any legal knowledge.

**13.** Therefore, making any orders or setting further deadlines in any proceeding while plaintiff is unrepresented and intending to retain a counsel would cause manifest injustice for a pro se who is unable to act on her case forward.

**14.** Indeed, plaintiff spent a week to prepare this submission, which disrupted other engagements she committed herself for long time ago. Therefore, the set timelines would never allow plaintiff just opportunity to represent the matters, while there is another pending proceeding that can resolve the entire complaint.

**15.** In recent court orders all plaintiff prayer/opposition were denied, therefore if this case to go forward, it is clear plaintiff would be severely prejudiced to lose her legal rights to progress the case

because of her inability to present her legal arguments in procedural matters not on the merits of the case. In Florida it has been always preferred to decide cases on its merits rather than procedural issues. Defendants will not suffer any prejudice to allow opportunity for plaintiff to retain an attorney during the requested stay, if case remains unresolved. Furthermore, prejudice to the current complaint will severely prejudice the plaintiff rights in the pending EEOC complaint Counts to be brought to Court without predetermined limitations due to procedural matters, if the case is not resolved in its entirety at the EEOC.

16. In the interest of justice, plaintiff respectfully requests from this court to allow this reasonable opportunity to bring all the complaint counts and to be represented before considering any further submissions or making any orders by completely staying the proceeding.

17. Given the limited resources the plaintiff has after a year with no employment and no income that is continuing, her ability to retain an attorney is humbled. Retaining attorney would depend on his/her acceptance to take the case and reasonable attorney fees. Therefore, plaintiff requires reasonable time to search for a suitable attorney who would accept to take the case in an agreeable term, which might require considerable time to do. Therefore, she will aim do so during the period of stay pending the resolution of the EEOC complaint.

18. The fact plaintiff applied for referral for attorney in the same day of submitting the complaint confirms to this court the plaintiff needs to be represented and asserted her legitimate human right in fair trial by having a Counsel to represent her interest. It was unknown to plaintiff that no attorneys would be referred to her and the proceeding is escalated.

19. The case is not scheduled yet, therefore this will not affect the case management and will not lead to any disruption in the schedule.

20. Below is the plaintiff outlines that she has a case with prospect of success in the referred to motions, however the lack of legal representation and needed jurisdictional discovery would severely prejudice her.

21. Plaintiff respectfully submits this section should be read in conjunction with the following section to present evidence that Plaintiff has legal arguments to oppose the Defendant's Motions in DE 26 & 28. Therefore, setting the ordered strict timelines would cause sever prejudice on the plaintiff to retain an attorney to represent her best interest and preserve her legal rights, while there is success prospect for the listed arguments to oppose the said motions.

22. Section II shows that Plaintiff has meritorious defense to oppose Vacating the default and developmental grounds to vacate the order to set time to respond to Motion to dismiss and order to stay discovery until disposing the motion to dismiss. Therefore, plaintiff respectfully request to vacate the orders in DE 33 & 34 and stay all proceeding to keep the case open until the complete facts and counts are complete for plaintiff to retain a Counsel to represent her best interest. Otherwise plaintiff would suffer sever prejudice and injustice to set tight deadline for Plaintiff to submit responses without adequate time to prepare for them and having all the required materials available beforehand.

23. This respected Court granted (DE 25) Defendant an extension to respond to the amended complaint one day more than the defendant asked (DE 18). Therefore, plaintiff respectfully requests the Court to exercise equal discretion to vacate those orders and stay proceeding pending the resolution of the EEOC case. Defendant's acting Counsel has a JD degree and several years of practice experience, which allow him to know laws and related cases by heart. On the contrary, plaintiff needs to search and read every relevant law case to submit legal representation. Therefore, plaintiff respectfully argues that vacating those orders and staying proceeding pending the resolution of the EEOC complaint and the plaintiff have a counsel representing her would be equivalent to the previous order (DE 25) to extend time for defendant to allow just opportunity between parties. Thus, Plaintiff can submit legal representations after adequate inquiry and investigations and the complaint can be either resolved at the EEOC or the entire facts and counts can be brought to Court after retaining an attorney.

**A.      Matters in connection to responding to Motion to Vacate Default (DE 26):**

**24.** In section II, Plaintiff presents meritorious defense that has likelihood of success to defend Plaintiff right to oppose vacating entry of default (Defendants' Motion DE 26).

**25.** Therefore, should the court insist to set time before the resolution of the EEOC complaint and before such time the plaintiff is represented by a counsel will cause sever prejudice to Pro Se Plaintiff to defend her legal rights. On the other hand, Defendants did not identify any prejudice they might suffer in such extension or responded to Plaintiff's motion. Indeed, if the case is resolved at the EEOC this entire action would be resolved, therefore those defendants will not suffer any prejudice by vacating the set deadline and staying all proceeding.

**B.      Matters in connection to responding to Motion to Dismiss (DE 28):**

**26.** In section II, Plaintiff outlined the proportional need to order jurisdictional discovery before responding to Motion to dismiss. Setting a date before having those records would cause sever prejudice to Plaintiff rights to have access to the proportional and narrowly defined records to support the personal jurisdiction over defendants.

**27.** Therefore, Plaintiff respectfully requests from this Court to vacate the set deadlines, and allow discovery to defend the personal jurisdiction defense, to prevent manifest injustice by setting tight deadlines for Plaintiff, in which she cannot be reasonably able to present her case in the absence of those records and counsel representation. Therefore, it would lead to manifest injustice.

II.      **This Court ought to reconsider the order in DE 33 & 34 based on newly presented evidence:**

Plaintiff in this motion is seeking to stay all proceeding pending the resolution in the case at the EEOC given the new development of the EEOC inviting parties to participate in free and independent mediation process. This should invite this respected court to vacate the orders the set timelines or matter that would severely prejudice the plaintiff to bring all complaint counts and facts to this court, in case no resolution was achieved by counsel.

Also, given the plaintiff invoking her right to be represented by a counsel and intent to arrange for this during the period of stay to the proceeding, those very recent orders ought to be vacated to allow just opportunity for plaintiff to have counsel representing her case without imposed deadline that would severely prejudice her rights to efficiently represent the case.

**A.**      **Matters in connection to responding to Motion to Vacate Default (DE 26):**

**28.** Plaintiff hereby presents a meritorious defense supporting her right to oppose vacating the entered default. Therefore, vacating the set time to respond to this motion and staying all proceeding would allow plaintiff a reasonable opportunity to enforce her right to oppose vacating the default after retaining a counsel if the case remained unresolved in the EEOC. Setting a strict or any deadline on the plaintiff to respond would severely prejudice plaintiff right to respond while she is unrepresented by a counsel currently.

**29.** Plaintiff successfully executed the service on the defaulted individuals. The service on those defendants were effectuated pursuant to:

FRCP 2(k) TERRITORIAL LIMITS OF EFFECTIVE SERVICE.

(1) *In General.* Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:

**(A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located**;

(2) *Federal Claim Outside State-Court Jurisdiction.* For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:

(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and

(B) **exercising jurisdiction is consistent with the United States Constitution and laws**.

The Courts in the State of Florida has personal jurisdiction over the defaulted defendants pursuant to Fla. Stat. § 48.193(1)(a) (2017) (Florida Long Arm Statute) in the case of Tort law. Since State Courts in Florida has personal jurisdiction over defendants, then federal court has personal jurisdiction pursuant to FRCP 4(k)(1)(a). Additionally, the service was effective pursuant to

FRCP(k)(2)(B) **consistent with the United States Constitution and laws**. Those defendants neglected to offer the right appointment procedure, intentionally deceived plaintiff in the application of Howard University regulations on appointment and termination, conspired to defraud plaintiff from employment from August 16, 2019 and ongoing. Therefore, the counts of tort laws established personal jurisdiction via Florida Long Arm Statue. Those conduct affected plaintiff who has been continuously living in Miami, FL, therefore it is fair and just that they submit themselves to the court in this forum.

This complaint has subject matter jurisdiction to Federal Court due to federal laws of complete diversity involving transactions in excess of $75,000. Pursuant to FRCP 2(k)(2)(B), the service was effective by **exercising jurisdiction which is consistent with the United States Constitution and laws** that provides this respected Court jurisdiction over Defaulted Defendant because of Florida Long Arm statute and having the minimal contact with plaintiff throughout the recruitment and termination procedure who has been continuously living in Florida. Therefore, those events occurred in this forum and continues to affect a Florida resident who is living in Florida and being defrauded from employment and income because of their continuous negligence to apply the right procedures on her to send plaintiff the appointment letter signed by president in Miami to allow plaintiff to start her employment.

In general, Howard University routinely advertise its employment opportunities in online sites such as: Higher Educations, Chronicle of Higher Educations ..etc. Residents of Florida have access to those employment opportunities and can apply. Indeed, the Dean who initially selected plaintiff for the position used to work at University of Florida and moved to Howard University as an example that recruiting academic from Florida is an ongoing process at Howard University. Therefore, interviewing a Florida resident and making a job offer to this resident that leads her to decline other offers and commit herself to work at Howard University, then refusing to send this Florida resident

her employment letter to date, initiate termination against her while they are withholding her appointment letter, should fairly avail those individuals to the personal jurisdiction of Florida Courts.

A nonresident defendant never has to set foot in Florida to be subject to a Florida court's jurisdiction, as minimum contacts can include telephonic, electronic, or written communications to Florida from an outside state provided the cause of action arises from those specific communications. *See Wendt v. Horowitz*, 822 So. 2d 1252, 1257-58 (Fla. 2002).

Those defendants had minimal contact with the state of Florida through emails using the domain "fiu.edu", which is maintained by a university based in Miami, phone calls, and video links to recruit plaintiff who has been continuously living in Miami before and after the described events. Therefore, the constitutional minimum contacts requirements have been met. *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989).

Here in Exhibits 1 & 2, there is evidence of EEOC Miami-District office handling the discrimination and retaliation charge those individuals committed against Plaintiff. The charge was filed with the Florida Commission of Human Relations. Therefore, Florida organizations are already working on counts that were derived from the same transaction of this complaint that should further establish the minimum contact requirement and the Court personal Jurisdiction over defendants.

Because of their senior position in decision making, their conduct is a proxy to file the charge against Howard University at the EEOC.

> "Jurisdiction is proper . . . where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State. . . . Thus where the defendant **'deliberately' has engaged in significant activities within a State** . . . or **has created 'continuing obligations' between himself and residents of the forum** . . . he manifestly has availed himself of the privilege of

conducting business there, and **because his activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well**." -*Burger King v. Rudzewicz*, 471 U.S. 462, 475-76 (1985).

Those defendants were engaged in the appointment and termination procedure of plaintiff. All recruitment procedures were conducted in Miami including two preliminary interviews via phone and video link. They sent plaintiff a written offer in Miami to start employment in August 16, 2018. According to Howard University regulations an appointment letter signed by Howard University should have sent to plaintiff in Miami. The fact those individuals intentionally withheld this president signed official appointment letter and did not send to plaintiff in Miami, plaintiff remained living in Miami defrauded of employment. The central question in personal jurisdiction what was supposed to be done to plaintiff in his forum and how defendants conduct reflected on plaintiff in his forum. Because of those individuals' continuous rejection to deliver the appointment letter signed by president to Plaintiff in Miami to date, plaintiff is continuously affected by loss of employment and associated wages in the state of Florida. Moreover, the termination decision was sent to plaintiff while she was in Miami by email fiu.edu, while it was wrong to terminate plaintiff because she was never fully employed to start with, this decision impacted on plaintiff who was in Miami via Miami domain email.

Despite plaintiff never received the appointment letter signed by Howard University president as Howard University Faculty Handbook requires (which regulate the appointment and termination procedures at Howard University), Defendants jointly and separately initiated and progressed a termination against the plaintiff for pretext reasons.

The given reason was "academic negligence". However, plaintiff never received her appointment letter or started to work to be able to carry any academic duties to start with, therefore no academic negligence can be alleged. Those defendants are leaving plaintiff living in Miami without access to the established review process for termination that should have enabled plaintiff to start her employed. Therefore, they are aware their actions are leaving a Florida resident with no employment, therefore it is just to accept to submit themselves for the state of Florida Courts. The fair play rule weights to have Miami in the Southern Florida District as the Court venue, given plaintiff encountered all those events while being a resident of Miami, has initiated this action as pro see and she could not have done so in another state as this would be equal to occluding her opportunity to seek a relief. On the other hand, given Miami EEOC and Florida Human Relations Commission is dealing with the same complaint transaction (Exhibit 1 and 2), it would be appropriate for Courts in the same state to exercise jurisdiction to investigate the same matter.

**30. Therefore, plaintiff correctly moved this respected Court to enter those defaulted Defendants into default due to the failure to file any responsive pleadings by the defined deadline.**

**31.** Counsel did not provide justification to explain why Howard University filed a motion to extend time within the allowed deadline, but those defendants intentionally decided to ignore these legal proceedings. Hence, their entry in default was willful.

**32.** Rule 55(c) provides that relief from the entry of a default may be granted for "good cause shown." FED. R. CIV. P. 55(c) ("For good cause shown the court may set aside an entry of default. . ."). Although Rule 55(c) does not define "good cause,".

33. "Good cause" has been described as a "mutable standard, varying from situation to situation ," Coon v . Grenier, 867 F.2d 73, 76 (1st Cir. 1989), and although "it is not susceptible to a precise formula, [] some general guidelines are commonly applied."Compania Interamericana Export-Import v. Compania Dominicana de Aviacion , 88 F.3d 948, 951 (11th Cir. 1996 ). A court may consider such factors as whether the default was willful, whether setting aside the default would prejudice the adversary, and whether the defaulting party presents a meritorious defense. Compania Interamericana , 88 F.3d at 951.

34. The Eleventh Circuit has emphasized that "***if a party willfully defaults by displaying either an intentional** or reckless disregard for the judicial proceedings**, the court need make no other findings in denying relief**.*" Id.

35. The principle to refuse vacating entry in default if it was proved to be willful has been applied consistently in the 11^(th) circuit and in the Florida Southern District.

36. The Court ought to take judicial notice of Katz v. MRT Holdings, LLC, **DE 39** in *Case No. 07-61438-CIV-COHN/SELTZER* to deny motion to vacate entry in default in the Southern District of Florida, the opinion denying to vacate default went on to say:

> "Because the Court finds such an intentional or reckless disregard for the proceedings in this case on the part of each Defendant, the Court concludes that the requested relief should be denied. although Mr. Clements testified that he believed he had not been properly served with the Complaint,' **this presents no defense to his failure to file a responsive pleading**. Any arguments that the related cases should be consolidated or dismissed, or that **the service of process was insufficient** in some way, should have been raised in a responsive pleading and **do not justify simply refusing to participate in the litigation**."

37. Likewise, the 11^(th) Circuit Court denied a motion to vacate entry in default in **HSBC Bank vs. Joseph Buset and Margaret Buset 12-38811 CA 01.** This action had a husband (Joseph Buset) and wife (Margaret Buset) as defendants, both were served, and the service returned as executed.

The husband filed affidavit that he does not live in the house where service were left and quashed the service. The wife did not file any pleadings by the deadline or affidavit like her husband to quash the service. Plaintiff filed a motion to enter Margaret Buest in default. Then the wife (Margaret) filed a motion to quash the service. The court granted the motion for entry in default. The wife filed a motion to vacate the entry of default on the ground that she filed a motion to quash service before the court orders the entry in default. The court denied the motion to vacate default.

38.   The implication of this decision is that the wife had knowledge of the ongoing action, the husband filed affidavit to quash the service against him, but the wife had intentionally elected to ignore the court deadline. Therefore, her entry in default was willful irrespective to any issues she might raise in relation to service or meritorious defense. Once the default determined to be willful no relief can be granted according to 11th circuit in Compania Interamericana , 88 F.3d at 951.

39. Therefore, this respected Court must inquire whether the defendants' entry in default was willful or not. If it was proved to be willful due to intentional and calculated decision not to participate in the litigation, no relief exists. *Id*

40. In this action the defaulted defendants did not raise any defense to explain why they did not submit pleadings by the defined deadline, contested the service or raised the defense of lack of personal jurisdiction in time.

41. Moreover, acting counsel for Howard University submitted a motion to extend time to respond to the amended complaint and did not include any of the defaulted defendants. Therefore, the defaulted defendants made a calculated and intentional decision to ignore the Court deadline by deciding not to join Howard University defense in the first time. Therefore, their entry in default was willful by intentionally ignoring the court set deadline to file a responsive pleading.

42. Their intentional decision to ignore Court proceeding is further confirmed by coming through the same acting counsel for Howard University to vacate their entry of default without a single explanation why they did not do so before they were entered in default.

43. Defaulted defendants filed with Howard University other Motions in Court which are motion to dismiss (DE 28) motion to extend time to respond (DE 29). Therefore, the legal advice they have received from Howard University General Counsel and their current acting Counsel that they were served because they did not file a motion to quash the service, but rather joined the motion to dismiss due to lack of personal jurisdiction. Therefore, those defendants had no confusion over the service and hence should have responded in the court allowed time.

44. The following is the affidavit statement by the process server, which was filed in Court:

> "At 12.45 PM I attempted to deliver summons to the clerk of President who advised that summons for Howard University and its employees should be served at General Counsel Office (GCO). At 12.55 PM the Provost assistant took summons, complaint, and consulted with someone in Dr. Wutoh's office & she advised that summons should be served at GCO. At 1.15 PM, an African American lady at the GCO took the five summons for listed defendants. A white male came & said case was dismissed then said Summons cannot be accepted due to Court lack of jurisdiction over defendants. He was told to inform Court by any opposition. Summons for the five listed defendants were left at GCO desk (Suite #320) and he was informed they were served. Pictures were taken as evidence of service execution."

45. The process server attempted to serve those individuals personally at their registered office. However, they left instructions with their office clerks that court service for them should be delivered to the General Counsel as long as it pertains to their employment at Howard University.

46. The server had this instruction from the clerk of the president's office (Dr. Wayne Frederick).

47. At the Provost's (Dr. Antony Wutoh) office, the clerk took the summons to inside the personal office of Dr. Wutoh to consult with someone, who the server believed to be Dr. Wutoh himself.

After the clerk came out from Dr. Wutoh's office she informed the process server that all summons should be delivered to the General Counsel. Having two independent instructions from top administration offices at Howard University that this is the arrangement in place to serve its employee, the server took all summons and went to the General Counsel office (Howard University employed attorneys) to serve summons to their legal representative by appointment.

**48.** At the General Counsel a lady took the five summon from the server at first. Then a male attorney came and said the case complaint was dismissed, therefore it cannot be served. This shows that Howard University had knowledge of the case even before the server attempted to serve the complaint. The server informed this attorney that this is a pending complaint to which Court issued those summonses. The man asked the process server to wait for him to check. Then the attorney returned to confirm that he can see an amended complaint filed in Court, but the Court is in Florida therefore it has no jurisdiction in DC.

**49.** Therefore, the process server in the submitted affidavit properly served those individuals pursuant to FRCP 4(e)(2)(c): Delivering a copy of each to an agent authorized by appointment or law to receive service process, which was confirmed by the office of the President and the Provost himself. Also, attorneys of General Counsel represent Howard University and its employee regularly in matters related to their employments. The complaint does not involve private act those individuals committed, but all counts were conducted by the virtue of their employment. Therefore, Howard University General Counsel's office is authorized to represent them by the appointment and hence the service was properly executed.

**50.** Therefore, the application of default was correct because the statement conferred appropriate service grounded upon FRCP 4(e)2(c). Also, plaintiff referred to the executed service in the docket, which clearly FRCP 4(e)2(c) as the method of service. Therefore, there was no error in law in plaintiff's application for default.

**51.** It was clear for the process server that this person is attorney because of his knowledge of the case, the legal arguments he raised, and because of this person works at Howard General Counsel office where attorneys work. Therefore, the process server notified this person that they were served and any further objection on Court jurisdiction should be raised in Court. The attorney from Howard General Counsel did not raise any objection on receiving the summons for Howard University employees (the defaulted defendants) but raised the jurisdiction point on all of them. Therefore, the service was returned as executed to all defendants' legal representative by appointment.

**52.** There is no requirement to have signature or accept the service in FRCP 4, however the summons and complaint copies should be delivered to the appropriate entity. Also, personal jurisdiction is not a matter for the server to decide upon because it is a matter the specified Court only can decide upon. The defaulted defendants should have raised the concerns on personal jurisdiction within the allowed time to file responsive pleadings, but they elected not to do.

**53.** Plaintiff sent an email on May 30, 2019 (Exhibit 3) jointly to all of Dr. Wayne Fredrick, Dr. Anthony Wutoh, Dr. Edna Medford, Dr. Robert Catchings to confirm to them that they were served on May 28. 2019 and if they don't respond by the defined time the court might enter them into default. Plaintiff defined the method of service to be left at the General Counsel and provided a picture of the summons being left with the staff of the General Counsel.

**54.** Therefore, those defendants had full knowledge that a service was executed to them and picture ID of whom the service was delivered in the General Counsel Office as their legal representative by appointment. If they had objection about their service, they should have filed a motion to quash the service. However, to date they do not attempt to quash the service. They instead raise the argument of personal jurisdiction, which does not provide any defense to their failure to respond in the defined time.

**55.** In cases where personal jurisdiction is an argument that can vacate default, **the first condition of "willful entry in default" must be excluded,** therefore such cases do not apply in the current situation.

**56.** However, this court has personal jurisdiction of the defaulted defendants pursuant to Florida Long Arm statute in the case of tort laws, which is pleaded in the complaint Count. Defendants had minimal contact with the forum through electrotonic, email, and email communications with plaintiff who continues to reside in Miami-Dade County before and after those events took place. It is established that personal jurisdiction does not require a person to step a foot in the state of Florida, but the described minimal contacts can establish such minimal contact. However, given their entry of default was willful, then such defense should not be considered by court given the 11th Circuit Court consistent approach to define "good cause" to vacate default that first has to exclude it was willful.

**57.** On the same day Ms. Ariana Wright (senior attorney at Howard University) responded to plaintiff email stating that the University will aim to dismiss the action based on lack of jurisdiction (Exhibit 4). Ms. Arian wright represent Howard University and its employee regularly in court actions. For example, see: Holloway V. **Howard University, Edna Medford**, Gary Harris, Daryl Scott which shows Ms. Wright as the acting Counsel for Howard University and Dr. Edna Medford from this action defaulted defendants and other employee from Howard.

**58.** Defendants referred my email to Ms. Ariana wright, who was not included in the initial email.

**59.** Therefore, the four defendants had credible source of legal advice. Thus, they should be aware that they must file responsive pleadings to quash the service or raise any defense they wish to raise. However, they intentionally elected not to participate by the defined deadline.

**60.** Even if this respected Court finds any issue related to the service, albeit plaintiff maintains the contention the service was perfectly executed, the Court must consider that those defendants left the instructions for court service to be delivered in the General Counsel in their offices and after

consultation with whom the server believed to be Dr. Anthony Wutoh. Therefore, they planned ahead to deceive this respected Court and to ignore the proceeding. However, if they had concerns on the service, they should have aimed to file in the defined time a motion to quash the executed service rather than to come late to file motions to extend time to respond and to dismiss the complaint as these are actions which implies they have accepted the service, but contesting Court personal jurisdiction, which is a different issue.

61. Defendant relies on *Paylan v. Bondi (Case No: 8:15-cv-1366-T-36AEP)* in which a police officer was served through the police department. The police officer was confused and thought he must be served again personally. He did not leave instructions to be served in this manner and did not have access to legal advice to clarify to him if the service was returned executed or not and his legal obligations. Therefore, his confusion refuted his entry in default was willful, hence the default was vacated.

62. The defaulted defendants' situation in this Court action is exactly like Katz v. MRT Holdings, LLC, DE 39 in Case No. 07-61438-CIV-COHN/SELTZER and Margaret Buset in HSBC Bank vs. Joseph Buset and Margaret Buset 12-38811 CA 01, where they had the understanding that they were served and they have to respond by the defined deadline, but they intentionally elected not to do. Moreover, they left instructions at their offices that Court service must be served at the General Counsel office, which is not the case in *Paylan v. Bondi.* Therefore, the complaint was served to them according to the instructions they provided and the General Counsel of Howard University is the legal representative of the university and its employee by appointment, therefore the process was served to their representing agent by appointment at Howard University, which is also different from the situation in *Paylan v. Bondi.* The fact that Howard University submitted responsive pleadings, but defaulted defendants did not is identical to Margaret Buset who her husband filed a motion to quash the service, but she elected not to do. Her knowledge of the proceeding and need to act made her entry in default willful. Perhaps if Howard University and all defendants did not file a

response by the defined time and came jointly to vacate default some doubt could have been shed about their confusion on the mandate to respond by the defined time. But in the current circumstances, the default was willful, hence no relief exists (Katz v. MRT Holdings).

**63.** The fact defaulted defendants now came to Court through the same acting Counsel for Howard University further confirms their willful entry in default since no explanation can be contemplated for why they first elected not to join Howard University defense, then elected to do so after the entry in default other than intentional neglection to this court proceeding.

**64.** Defaulted defendants raise the lack of personal jurisdiction in their motion to vacate default. According to the opinion in Katz v. MRT Holdings, LLC, DE 39 in Case No. 07-61438-CIV-COHN/SELTZER, this defense does not excuse their failure to act in Court's defined time to submit a responsive pleading. The opinion clearly mentioned that any concerns regarding the service or other defense should be raised in time, not to intentionally ignore the court proceeding then come to vacate the default later on. Similar to the referred to Court opinion, the defaulted defendants did not raise a defense for their default being willful and other defense should have been raised in time, therefore this respected court should not consider the matter further since no relief exists in this situation.

**65.** Defendant bring their short time to file a motion to vacate entry of default to support their motion. However, as in the previous noted cases no argument should be considered after showing a case of willful default as in the current situation. Also, this does not constitute a defense to explain why they failed to respond in the defined time in the above noted cases.

**66.** Plaintiff acted in good faith to progress this matter, therefore, no cost or attorney fees should be pursed against her. Plaintiff acted in the way she believed to be in compliance with the FRCP. Also, those defendant could have appeared in the joint representation with Howard University from the beginning and saved parties the effort in those proceedings. However, they decided to ignore the

proceedings until they were entered in default, which triggered the motion to vacate and required response.

**67. False allegations in the background of the Motion to vacate entry in default:**

Judge Beth Bloom set in her order to dismiss the complaint all the aspects she examined in the complaint. Among which that the complaint should have a short and plain pleadings, frivolous allegations...etc. After this comprehensive examination, Judge Bloom identified a single problem in one paragraph as she confirmed the reason the initial complaint had shotgun pleadings:

*Here, Plaintiff's Complaint constitutes a shotgun pleading because Plaintiff has incorporated all of the Complaint's "factual and count" paragraphs into each of the counts asserted in the Complaint. See ECF No. [1], at ¶ 55 ("Plaintiff incorporates all Complaint and Counts paragraphs as if fully set forth under each listed count."). This is a quintessential shotgun pleading, and what the Eleventh Circuit Court of Appeals has referred to as the most common type of shotgun pleading. See Weiland, 792 F.3d at 1321. Because the Court finds that the Complaint is an improper shotgun pleading the Court will dismiss the Complaint without prejudice, permitting Plaintiff the opportunity to cure the defects and re-file.*

Plaintiff cured the defect Judge Bloom clearly identified. Judge Bloom did not raise any concern about the clarity of the complaint. Indeed, the complaint has a detailed plain factual background that details who did what and where. Therefore, Defendants allegations on the sources of shotgun pleadings and its cure in the current complaint is utterly false. The amended complaint is a far cry from shotgun pleadings.

The Motion has several falsified facts, however for the purpose to save the space, I will not go through all of them but I alert this respected Court that the eleven pages

Motion contains more falsified facts rather than true one and plaintiff contests all those facts in its entirety.

**B.**   **Matters in connection to responding to Motion to Dismiss (DE 28):**

**68.** The court granted Defendant's motion to stay discovery (DE 34). Plaintiff believed that the Court would make a favorable decision to disclose records before setting deadline for the Plaintiff's to respond to Motion to dismiss, given the order those Motions were submitted to Court. Therefore, Plaintiff did not raise a concern on the discovery previously because the current circumstances were unknown or expected to Plaintiff and she was already seeking discovery disclosure.

**69.** The Motion to dismiss is largely based on "lack of person jurisdiction". This allows Plaintiff to seek records that resolve the dispute over personal jurisdiction to ensure the case will survive the Motion. Therefore, staying discovery until deciding the motion to dismiss will severely prejudice plaintiff ability to respond to the Motion to dismiss without records confirming Court's personal jurisdiction over defendant.

**70.** Plaintiff respectfully submits that setting a date to submit response before compelling the production of those required to confirm personal jurisdiction would lead to sever prejudice to Plaintiff by compromising her capacity to defend the Motion to Dismiss.

**71.** Defendant raises wrong assumptions on the role of the General Counsel regarding Howard University and its employee. Plaintiff is contended that the Howard University General Counsel office represents Howard University and its employee in matters connected to their employment capacity by appointment. However, since Defendant disputes this fact, this would require discovery to prove Defendant allegations are untrue. The specifications of this discovery is not yet fully known to plaintiff and requires time to formulate. The jurisdictional discovery has to be requested and disclosed before responding to the Motion to dismiss. The request is not formulated or served on defendant yet. Therefore, moving to respond to Motion to dismiss in the defined time would cause sever prejudice to plaintiff to oppose the raised defense. Indeed, plaintiff has not yet

considered the motion in full, given the said engagements to define the jurisdictional discovery that might essential and proportional with the allegations Defendant raise in the defense. Therefore, staying proceeding and vacating the set deadline can save court and parties a new discovery process in case the EEOC Mediation is successful to resolve matters.

72. Also, staying discovery until ruling on Motion to dismiss ought to be vacated to allow for jurisdictional discovery to support plaintiff's response to this motion. Plaintiff would be severely prejudiced for this respected Court to stay essential discovery to oppose Defendant's defense in the motion to dismiss.

73. Moreover, in the previously requested discovery request there are items related to jurisdictional discovery, which are: 1-5, 7-8, 12-13, from item 15 it is limited to records of communications exchanged with US Equal Employment Opportunity Commission (EEOC). Those records should show what was supposed to be done for the Plaintiff in Miami, Florida and was not done and the Defendants awareness that their decisions are affecting Plaintiff who is continually living in Florida. These questions are central to defending the Court's personal jurisdiction.

74. The personal jurisdictions records from previous records request are:

- Dr. Rehab Auf official appointment letter signed by the President of Howard University.
- Dr. Rehab Auf's approved Appointment, Tenure, and Promotion (APT) Committee application.
- President signed preliminary termination decision for Dr. Rehab Auf.
- All records Dr. Robert Catchings considered and provided to support terminating Dr. Rehab Auf.
- All records Dr. Edna Medford considered/considering in the termination process against Dr. Rehab Auf.
- All Records Dr. Anthony K. Wutoh considered/considering in the termination process of Dr. Rehab Auf.
- All Records Dr. Wayne A.I. Frederick considered/considering in the termination process of Dr. Rehab Auf and evidence proving date & time in which termination recommendations were submitted to him.
- Communication related to Dr. Rehab Auf between Ms Victoria Sari and all Defendants.
- Communication related to Dr. Rehab Auf between other human resources staff and all Defendants.
- All records of communications exchanged with US Equal Employment Opportunity Commission.
- Howard University onbording Procedure (puspose & requirements for each step), since it should have been offerd to plaintiff in Miami, and this did not happen. The process manual will prove where this was supposed to be offered.

33

Other records might be sought from Defendants as well to respond to the defense on personal jurisdiction, if the case remains unresolved from the EEOC.

75. Therefore, plaintiff respectfully requests to vacate the court orders in DE 33 and 34 to allow opportunity to submit to court a new request seeking the personal jurisdiction records after the Plaintiff requested stay pending EEOC resolution.

76. Jurisdictional discovery is based, in part, on the right to discovery arising under the Federal Rules of Civil Procedure.51 Rule 26(b)(1) states: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.

77. Today, it is commonly accepted that "a federal district court has the power to require a defendant to respond to discovery requests relevant to his or her motion to dismiss for lack of personal jurisdiction. Ellis v. Fortune Seas, Ltd., 175 F.R.D. 308, 311 (S.D. Ind. 1997); see also CASAD & RICHMAN, supra note 21, § 6-1 ("The Supreme Court expressly held in Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee that a foreign corporation that fails to cooperate in discovery on the question of jurisdiction may be sanctioned by finding that jurisdiction exists over the corporation."); 4 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1067.6 (3d ed. 2002) (noting that federal district courts may require defendants to respond to discovery requests relevant to a Rule 12(b)(2) motion to dismiss); Swanson, supra note 2, at 459 ("Where the defendant appears to defend and fails to follow the rules (including discovery rules) for determining jurisdiction, the defendant may waive her right to complain that the court lacks jurisdiction.").

78. However, Plaintiff maintains the contention that the sought discovery requests is narrowly tailored and specifically targeted to gathering basic and fundamental information and documents that will allow for the balance of discovery to proceed quickly and efficiently and to set this case on

a track for trial. This will help to identify schedule for further discovery and depositions and will play a rule in identifying the potential of settlement among parties. There is no good reason to interrupt that progress.

79. Notably, Judge Beth Bloom carefully considered the complaint in the criteria applied for Pro Se plaintiff, which should be independent opinion available to this respected Court before considering the Motion to dismiss. Judge Bloom identified one paragraph as a source of shotgun pleading and required the amendment of the complaint. Plaintiff complied with Judge Bloom's order and filed amended complaint; therefore, the amended complaint is a far cry from being shotgun, incoherent or dubious, and thus none of Defendant listed authorities would compel a complete stay of discovery. Also, Defendant falsely claim that Judge Beth Bloom's order stated that plaintiff failed to provide a short a plain statement. Indeed, plaintiff provided very precise factual background in short and plain language. However, Judge Bloom was detailing how shotgun pleadings can be assessed. In applying these criteria on plaintiff complaint, she identified a single paragraph that is the source of shotgun pleading and plaintiff removed this paragraph to cure the identified defect in the amended complaint.  Therefore, the court ought to vacate the order on discovery pending the resolution of the EEOC or plaintiff retaining a counsel to represent her in discussing all those issues.

80. Therefore, it is entirely plausible that this respected Court would take the probability of settlement and efficiently progressing the case into account when deciding the vacating court orders and staying the case pending the resolution of the EEOC complaint.

81. Even if the case is not resolved in the EEOC, the likelihood of settlement would be reasonably very high since discovery would prove Defendants acted in contravention to Howard University established regulations. Therefore, discovery ought to proceed in order to encourage an earlier settlement, which will save the cost to Defendant and save Plaintiff irreparable career damage in long court proceedings. Damages will not compensate Plaintiff. As an academic, she needs a

platform to conduct her research, apply for grants, expand her experience for future promotions. No damage can compensate her loss of future potentials and establishing a name in academia. Also, the cost that would be saved from early settlement is ridiculously higher than the cost saved to delay responding until ruling upon the Motion to dismiss. Therefore, Plaintiff respectfully request this Court to vacate orders in DE 33 & 34 pending further submission after staying this case to allow opportunity for resolution via the EEOC.

### III.   Court misunderstood Plaintiff's submissions

**82.** Plaintiff certified that she has preset engagement up to July 29, 2019 that applies to respond to the Motion to Dismiss and Motion to Vacate entry of default. This seemed to be misunderstood by this respected court. Therefore, the set deadline in July 18, 2019 to respond to Motion in DE 26 is an impossible deadline to allow just opportunity for Plaintiff to examine the facts, investigate the grounds said in DE 26 to vacate entry of default, search and read legal cases with similar circumstances to support Plaintiff right to oppose vacating default.

**83.** Plaintiff respectfully submits that the set court deadline pushed plaintiff into severe hardship to work daily from 7 AM – 11 PM in this submission, while had new developments that should be taken into account in this motion too. Plaintiff had to leave all the important engagement she already had, which caused negative consequences on plaintiff. Plaintiff is also now seeking counsel representation as part of human rights in fair trial in civil proceedings. Therefore, court respectfully is requested to vacate the set deadline.

**84.** Plaintiff mentioned she did not receive notification for the Motion to Vacate to avoid in the future being missed from email notification. It seems this respected Court interpreted this as the reason for the extension, given the one-week extension, while the order did not mention reasons for the set deadlines. It is true Plaintiff did not receive notification of this motion. In submitting the Motion in DE 29, Plaintiff inquired in the Clerk's office about this incidence and clerk mentioned the motion shows to be sent electronically to Plaintiff. Plaintiff searched junk email and other

folders to search for the motion notification at no avail. The problem her is not related to the previously sought extension, but it was a concern to miss responding of further court submissions because of being unaware of them. However, even if the Plaintiff received the notification of the motion as it was submitted, Plaintiff would have thought extension to prepare legal argument to oppose the Motion to Vacate given her previous engagements, plaintiff's inability to respond in the defined time due to lack of legal capacity to pursue this new legal point to her immediately.

### Conclusions

**85.**     Plaintiff respectfully request from this Court to vacate its previous orders in DE 33 & DE 34 and awaits for the EEOC outcome to either resolve the case or for plaintiff to retain an attorney to make submissions on her behalf on those matters, given plaintiff will be severely prejudiced for this respected court to limit any of her rights while she is seeking stay and declaring her intention to retain an attorney since none was referred to her from the attorney volunteer program. Also staying discovery would limit plaintiff's ability and right to have access to documents necessary to respond to the personal jurisdiction defense in the Motion to dismiss.

**This matter was brought timely to court and defendants will not suffer any harm or prejudice from vacating Court Orders in DE 33 & 34 and staying all proceeding pending EEOC resolution.**

**WHEREFORE**, plaintiff respectfully requests that this Court enters an order to vacate the orders in DE 33 and 34, stay all proceedings in this Court case pending the resolution of the EEOC Complaint or having a letter to sue from the EEOC to bring the entirety of this complaint counts and facts to this respected court and an order to mandate Howard University not to destroy, damage, or otherwise eliminate any of the records listed in production request.

Respectfully Submitted,                    By:

July 18, 2019.                                               Dr. Rehab Auf
Palmetto Bay, FL 33157
Auf.Rehab@outlook.com
Plaintiff (Pro Se)